**EXHIBIT "A"**



23518482
PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

JOHN H. ELLIS
2269 - 106th Avenue
Oakland, California 94603
TELEPHONE NO: (510) 912-3581    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*   In: Pro Per

**FILED**
ALAMEDA COUNTY

JUL 0 6 2021

CLERK OF THE SUPERIOR COURT
By
Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street - Civil Unit
MAILING ADDRESS: Same Applicable
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene' C. Davidson Courthouse

PLAINTIFF: JOHN H. ELLIS

DEFENDANT: WELLS FARGO BANK, N.A.

☑ DOES 1 TO 50

**CONTRACT**
☑ COMPLAINT    ☐ AMENDED COMPLAINT *(Number):*
☐ CROSS-COMPLAINT    ☐ AMENDED CROSS-COMPLAINT *(Number):*

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| ☐ **ACTION IS A LIMITED CIVIL CASE**<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000 but does not exceed $25,000<br>☑ **ACTION IS AN UNLIMITED CIVIL CASE  (exceeds $25,000)**<br>☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | RG21103854 |

1. **Plaintiff*** *(name or names):*
   JOHN H. ELLIS

   alleges causes of action against **defendant*** *(name or names):*
   WELLS FARGO BANK, N.A. and DOES 1 - 50

2. This pleading, including attachments and exhibits, consists of the following number of pages:   (43)

3. a. Each plaintiff named above is a competent adult
      ☐ **except** plaintiff *(name):*
         (1) ☐ a corporation qualified to do business in California
         (2) ☐ an unincorporated entity *(describe):*
         (3) ☐ other *(specify):*

   b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      ☐ **except** defendant *(name):*      ☐ **except** defendant *(name):*
         (1) ☐ a business organization, form unknown    (1) ☐ a business organization, form unknown
         (2) ☐ a corporation                     (2) ☐ a corporation
         (3) ☐ an unincorporated entity *(describe):*    (3) ☐ an unincorporated entity *(describe):*

         (4) ☐ a public entity *(describe):*             (4) ☐ a public entity *(describe):*

         (5) ☐ other *(specify):*                  (5) ☐ other *(specify):*

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JOHN H. ELLIS  vs.  WELLS FARGO BANK, N.A. | |

4.   *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.

      (1) ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

      (2) ☑ Doe defendants *(specify Doe numbers)*: 1 through 50 _____ are persons whose capacities are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☐ has complied with applicable claims statutes, *or*

   b. ☐ is excused from complying because *(specify)*:

6. ☑ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

7. This court is the proper court because

   a. ☑ a defendant entered into the contract here.

   b. ☐ a defendant lived here when the contract was entered into.

   c. ☐ a defendant lives here now.

   d. ☑ the contract was to be performed here.

   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

   f. ☑ real property that is the subject of this action is located here.

   g. ☐ other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   ☑ Breach of Contract

   ☑ Common Counts

   ☑ Other *(specify)*:

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. ☑ damages of: $ 4,500,000.00

   b. ☑ interest on the damages

      (1) ☐ according to proof

      (2) ☐ at the rate of *(specify)*:          percent per year from *(date)*:

   c. ☐ attorney's fees

      (1) ☐ of: $

      (2) ☑ according to proof.

   d. ☑ other *(specify)*:

      Cost of suit incurred, wage losses, punitive damages, and any other relief court deems just and fair

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

   172 Pages

Date:  July 01, 2021

JOHN H. ELLIS                                    ▶ *(signature)*
_____                      _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

1
JOHN H. ELLIS
622 – 55ᵗʰ Street
2
Oakland, California 94603
Telephone:  (510) 912-3581
3

4
*In:  Propria Persona*

5

6
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ALAMEDA**
7
**RENE C. DAVIDSON COURTHOUSE**

8
JOHN H. ELLIS,                                    )        **CIVIL ACTION №:**
9                                                              )
PLAINTIFF,                                        )
10                                                             )        **FILING DATE:**
vs.                                                      )
11                                                             )
12
WELLS FARGO BANK, N.A., successor by  )
merger with Wells Fargo Bank Southwest, )    **QUI TAM RELATOR COMPLAINT FOR**
13
N.A., f/k/a WACHOVIA MORTGAGE, FSB,)    **VIOLATIONS OF FEDERAL FALSE**
f/k/a WORLD SAVINGS BANK, FSB a/k/a  )    **CLAIMS ACT (31 U.S.C. §§ 3729 – 3733)**
14
WELLS FARGO HOME MORTGAGE, f/k/a )    **AND STATE FALSE CLAIM ACT CA**
15
Wachovia Bank, f/k/a World Savings ("Wells )   **CODES (GOV. 12650 – 12656)**
Fargo"); GOLDEN WEST SAVINGS           )
16
ASSOC.; MORTGAGE ELECTRONIC        )
REGISTRATION SYSTEMS, INC. ("MERS");)
17
and DOES 1 to 50, inclusive, all parties        )
18
unknown claiming to have legal, equitable,    )
lien and estate against the subject property     )
19
located at 3061 Pleitner Avenue, Oakland,     )
California 94603,                                        )
20                                                             )
APN: 27-861-14,                                       )
21                                                             )
22
DEFENDANTS.                                         )
                                                             )
23                                                             )
                                                             )
24

25

26
**I.  INTRODUCTION**

27
1.  Qui Tam Relator, JOHN H. ELLIS, A SINGLE MAN brings this

28

1   action behalf of herself; the UNITED STATES OF AMERICA and the STATE OF

2   CALIFORNIA to recover civil damages and penalties under the False Claims Act, 31 U.S.C.

3   § 3729, *et seq.* and the California False Claims Act CA Codes (Gov. 12650 – 12656), *et seq.*

4   against Defendants, WELLS FARGO BANK, N.A., successor by merger with Wells Fargo

5   Bank Southwest, N.A., f/k/a  WACHOVIA MORTGAGE, FSB, f/k/a WORLD SAVINGS

6   BANK, FSB a/k/a WELLS FARGO HOME MORTGAGE, f/k/a Wachovia Bank, f/k/a World

7   Savings ("Wells Fargo"); GOLDEN WEST SAVINGS ASSOCIATION; AND

8   MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. ("MERS"); and DOES

9   1 to 50, inclusive.

10

11       2. Qui Tam Relator named herein presents this formal complaint under the Federal

12   False Claims Act for the United States to pursue utilizing the full range of its authority and resources

13   within the scope of the governments established jurisdiction.  As the direct result of a Forensic Loss

14   Analysis,  claims for damages as described herein have been technically verified and presented

15   herein to supplement the Governments contribution of supportive investigative findings as required

16   under subsection (c), which states it is the normal procedure upon receipt and review of a claim,

17   "*If the Government elects to intervene and proceed with an action brought under 3730(b), the*

18   *Government may "file its own complaint" or "amend" the complaint of a person, who has*

19   *brought an action under section 3730(b) to clarify or add detail to the claims in which the*

20   *Government is intervening and to add any additional claims with respect to which the*

21   *Government contends it is entitled to relief".* Under subsection (d), it further states, "*In any action*

22   *brought under section 3730, the United States, not the Qui Tam Relator, shall be required to*

23   *prove all essential elements of the cause of action, including damages, by a preponderance of the*

24   *evidence*".

## II. PARTIES

3.  Plaintiff', JOHN H. ELLIS is a current resident of the State of California, whose mailing and residential address is 2269 - 106th Avenue, Oakland, California 94603. The Subject Property is located at 3061 Pleitner Avenue which is situated in the County of Alameda.

4.  Defendants, WELLS FARGO BANK, N.A. a/k/a WELLS FARGO HOME MORTGAGE; successor by merger to WACHOVIA MORTGAGE, FSB, f/k/a WORLD SAVINGS BANK ("Wells Fargo Bank, N.A."); conducted business in the State of California. Said defendants' conducted business at 1901 Harrison Street, Berkeley, California 94612. Their current corporate business address is 420 Montgomery Street in the city of San Francisco, California 94104.

5.  Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), the designated "beneficiary" is a Delaware corporation, who has done business and is currently doing business in California and/or in the named county of the State of California. Defendant, GOLDEN WEST SAVINGS ASSOCIATION SERVICE COMPANY is a separate corporation acting solely as a nominee for the Lender and Lender's successors and assigns. GWSAS was declared the beneficiary under the security instrument (Deed of Trust). A subsequent Deed of Trust in the name of trustor JOHN H. ELLIS was issued on or about November 11, 2002 and existing under the laws of Delaware and lists its address of record as 101 Hudson Street, 25th Floor, Jersey City, New Jersey 07302.   Said transaction was recorded on or about November 22, 2002 in the official records in the Office of the Recorder of Oakland County; California.

## III. RELATORS STATEMENT OF INJURIOUS TRANSACTIONS

6.  Qui Tam Relator, JOHN H. ELLIS endorsed a Deed of Trust

1  for a loan originated by WACHOVIA MORTGAGE, FSB which was subsequently recorded

2  in the Official Records of the Alameda County Recorders' Office. This loan contract was an

3  ADJUSTABLE RATE MORTGAGE which ranked among the most unconscionable and potentially

4  harmful loan instrument engineered.   In mid 2010, an article in the New York Times reports that

5  over 70% of these loans were underwritten in the states of California, Arizona, and Florida where

6  sub-prime mortgages were written in unprecedented numbers, which targeted minority buyers.

7  Consequently, California Attorney General, Edmond Brown reached a settlement with WELLS

8  FARGO BANK, N.A. as a result of their deceptive advertising and problematic loan processes.

9  Wells Fargo Bank agreed to pay $2 Billion for loan modification infractions and $31 Million to

10  12,000 homeowners, who lost their home through illegal foreclosure proceedings.

11

12          7. WELLS FARGO HOME MORTGAGE was not in possession of the

13  mortgage note when they recorded the Notice of Default. Furthermore, WORLD SAVINGS BANK

14  did not file proper assignments for the first mortgage when WELLS FARGO HOME MORTGAGE

15  became the servicer.  Consequently, there was a _Break in the Chain of Title_.

16

17          8. At this point, WELLS FARGO is not the creditor and _does not have standing_

18  to collect on any debt associated with the subject property.   Based upon evidence in the

19  Promissory Note and the Deed of Trust, Defendants, WORLD SAVINGS BANK and WELLS

20  FARGO BANK breached their contract with their contract with Relator, JOHN H. ELLIS.

21          9. Most critical in this instant matter, is the fact that once a loan has been funded,

22  servicing the loan . . . is the key element from that point forward.  Servicing refers to the

23  _Collection of the Monthly Payment_ for each mortgage, and as earlier noted, the _General_

24  _Management of the Loans_.  The servicers are contractually obligated to act in the interest of the

25  _investors_ via the Pooling and Servicing Agreement (PSA).  However, in this case, WORLD

26

27

28

SAVINGS **did not** convey title to WACHOVIA and WACHOVIA did not convey title to WELLS FARGO. Therefore, WELLS FARGO is only a servicer and ***not the holder of the note*** in due course.

10. On a one page "Substitution of Trustee was executed by a phantom representative as Attorney-in-fact and notarized by trustee, CAL-WESTERN RECONVEYANCE CORPORATION referred to themselves as the "*duly appointed trustee*" under and pursuant to the Deed of Trust recorded in the Official Records in the office of the County Recorder of Alameda County, State of California. However, no documentation is known to exist which gives CAL-WESTERN RECONVEYANCE CORPORATION authority as Attorney in Fact for WELLS FARGO for WELLS FARGO BANK, et al.

11. On Relator's Deed of Trust at covenant 21 in the matter of "Substitution of Trustee", it states, "*Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located*". In this particular matter, it appears that CAL-WESTERN RECONVEYANCE CORPORATION appointed itself as "Substitute Trustee", leaving Examiners to conclude that the Substitution of Trustee document is not compliant with the requirements of the Deed of Trust. Consequently, on April 08, 2010 a "Notice of Trustee Sale" was issued by CAL- RECONVEYANCE CORPORATION and signed as "S/Authorized Signature". The document *is not signed* by any person or entity. However, California Reconveyance Corporation is noted as the "TRUSTEE". Therefore, pursuant to the "*Award to Relator*" provisions of the False Claims Act as detailed in 31 U.S.C. §§ 3730(d) and 3730(c)(5), Relator, JOHN H. ELLIS hereby seeks restitution, damages, and remuneration in the range of 15% to 25% of assessed fines (**\$3,750,000** to

$6,250,000) plus economic restoration for *common-law claims* under the umbrella of <u>False Light</u>

and <u>Defamation</u>.

## IV. <u>JURISDICTION AND VENUE</u>

12.  Subject-matter jurisdiction over this action is conferred upon this court pursuant to 31

U.S.C. §3732(a); 28 U.S.C. §§ 1331, 1345, 1367, and under 12 U.S.C. § 5565, and over

Defendants.  Because these violations of the Federal False Claims Act ("FCA") arise out of a

common nucleus of operative facts as the California False Claims Act (CAFCA), a civil action

for violation of the CAFCA may be brought in state or federal court §2A:32C-5a.  The Claim

states a claim upon which relief may be granted against Defendants.  Venue is appropriate in this

District pursuant to 28 U.S.C. § 1391(b)(2) and 12 D.S.C. § 5564(f).

## V. <u>GENERAL ALLEGATIONS</u>

13. COMES NOW Qui Tam Relator, JOHN H. ELLIS, individually for claims against all

Defendants for fraudulent concealment, originating falsified documents; fraud through

duplicitous statements and representations with the intent to defraud Claimant as well as the

Federal Government by failing to follow the Federal Making Home Affordable Plan also known

as the **Home Affordable Modification Program ("HAMP")** guidelines and foreclosing on

homeowners in HAMP trial modifications and by failing to determine the eligibility of

homeowners to participate in HAMP.

14.  A *qui tam*, or *whistleblower*, complaint initiated by ***President Barack Obama's***

***Financial Fraud Enforcement Task Force*** which included the Special Inspector General

Troubled Asset Relief Program (SIGTARP); and Consumer Financial Protection Bureau (CFPB)

alleged that it was more lucrative for the lender to deliberately force otherwise qualified

homeowners including Claimant to programs outside of HAMP so that it could either profit from foreclosure proceedings, force the homeowner into a more costly proprietary mortgage modification than HAMP would permit, or otherwise profit from continuing to service the defaulting and defaulted mortgage.

15.  Defendants fraudulent actions have caused Claimant to suffer irreparable economic injury and devastating personal injury. Although, WELLS FARGO BANK, N.A. was fully aware of relief available to Claimant under the **HAMP** provisions, they opted to underwrite a servicing agreement just a few months after the initial purchase date of the loan.  During the very first year of our purchase, our loan was sold three (3) times.  This was very frustrating to us because we felt left in the dark about the details of our home loan.

16.  Defendant further withheld critical information regarding the adjustment cycles of their modification program, which was designed to eventually adjust beyond affordability and long-term sustainability.  This was a blatant violation of the **Legal Remedies Act** that eventually resulted in claimants' current economic distress.

17.  The Civil Frauds Unit worked in coordination with President Barack Obama's Financial Fraud Enforcement Task Force, on which Mr. Bharara serves as a Co-Chair of the Securities and Commodities Fraud Working Group. The task force was established to wage an aggressive, coordinated and proactive effort to investigate and prosecute financial crimes. With more than 20 federal agencies, 94 U.S. attorneys' offices and state and local partners, it's the broadest coalition of law enforcement, investigatory and regulatory agencies ever assembled to combat fraud. Since its formation, the task force has made great strides in facilitating increased investigation and prosecution of financial crimes; enhancing coordination and cooperation among federal, state and local authorities; addressing discrimination in the lending and financial

1  markets and conducting outreach to the public, victims, financial institutions and other

2  organizations.

3      18.   Over the past three fiscal years, the Justice Department has filed nearly 10,000

4  financial fraud cases against nearly 15,000 defendants including more than 2,900 mortgage fraud

5  defendants.   Supplementary claims as detailed herein also include violations of the Truth In

6  Lending Act (TILA) implementing Regulation Z, 12 C.F.R. Section 226, Predatory Lending

7  Violations inclusive of State and Federal law claims.

8

9      19.  Defendant DOES 1 through 50 are sued under the fictitious names pursuant to Code of

10  Civil Procedure Section 474.   Plaintiffs' are informed and believe and on that basis allege that each

11  of the fictitiously named defendants is responsible in some manner for the wrongs and damages

12  alleged below, and in so acting was functioning as the agent, servant, partner, and employee of the

13  co-defendant, and in doing the actions mentioned below was acting within the course and scope of

14  such authority as agent, servant, partner, and employee with the permission and consent to

15  accomplish a specific task of behalf of the co-defendant.  Plaintiff will amend this complaint to

16  allege their true names and identities when ascertained.

17

18      20.  Plaintiff is informed and believe and on that basis allege that at all material times herein

19  alleged, defendants, and each of them was the agent, partner, joint venturer, and employee of each

20  of the remaining defendants and in doing the things hereinafter alleged, each was acting within the

21  scope of said agency, employment, partnership, and joint venture with the advance knowledge,

22  acquiescence or subsequent ratification of each and every remaining defendant.

23

24      21.  In the context of the acquisition of the subject property, defendants and each of them

25  engaged in egregiously unfair and deceptive lending practices to steer Plaintiff into a loan that was

26  destined to fail from inception.  The very nature of our current contract is Predatory in character,

27

28

1  engineered to mechanically create economic hardship (*debt entrapment*), and designed to

2  systematically force default which constitutes a Fraudulent Inducement to force a Breach of

3  Contract and ranks among the most unconscionable and egregious business practices.

4      22.  Defendants used deceptive tactics in pushing Plaintiff into a complicated, risky, and

5  expensive loan so that the companies could sell as many loans as possible to third (3rd) party

6  investors.

7

8      23.  Defendants and their employees and loan officers, underwriters, and branch managers,

9  who were under intense pressure to process constantly increasing numbers of loans, misrepresented

10 and obfuscated the fact that Plaintiff, who obtained the loan would experience dramatic increases in

11 monthly payments.  This business model generated windfall profits for said Defendants while

12 causing irreparable economic injury, emotional trauma, and devastating residual impact on family

13 security, relationship health, and physical/psychological wellness.

14

15     24.  Concerning teaser rates, Defendants pushed these loans by emphasizing a low "Teaser"

16 or initial rate often as low as 1% for pay option Adjustable Rate Mortgages (ARMS).  Defendants

17 sold their loans to third parties in the form of securities or whole loans often earning the most

18 profits for riskier loans.

19     25.  Defendants and each of them misrepresented and/or concealed the fact that ordinary

20 homeowners, including Plaintiffs, who obtained their home loans, riddled with a Timed-Bomb

21 (Adjustable Rate, Pick-A-Pay, and Negatively Amortizing Loans) engineered to systematically

22 and dramatically increase monthly payments to the extent that the payments terms, conditions and

23 provisions extended far beyond affordability.   Consequently, Defendants and each of them did

24 collaborate in executing a scheme to sabotage the lenders ability to pay thereby methodically

25 pushing them into default status.

26

27

28

26. Defendants did willfully, deliberately and maliciously misrepresent ominous real estate market trends having full knowledge of the fact that home values all over the country were on the brink devastating reductions.   With the benefit of minute-by-minute forecasting from an army of market analysts and advisors all over the nation, Defendants, and each of them led us to believe that present and future market trends were robust and we could depend on a prolonged on-going trend of escalating home values adding to a reliably predictable base of cumulative monthly equity.

## VI. **DEFENDANTS HISTORY OF VIOLATIONS**

27. The deceptive business practices unique to the methods of operation of defendants and each of them included, but were not limited to the following:

a) Violations of the Federal Truth In Lending Act [TILA provisions];

b) Violations of Home Owners Loan Act of 1933, 12 USC 1461;

c) Marketing complex loan products by emphasizing a very low "teaser rate" while misrepresenting the steep monthly payments, increased interest rates and risk of negative amortization;

d) Inducing Plaintiff to accept a loan  with a principal balance far greater that the current fair market value of the subject property was substantially lower than the loan amount;

e) Inducing Plaintiff to accept an Adjustable Rate Mortgage note with an initial teaser interest rate which graduated upward to rate far beyond affordability without full disclosure;

f. Inducing Plaintiff to accept a loan at the initial teaser monthly payment without fully disclosing that the monthly payment would dramatically increase by 60% to 90% more and with a prepayment penalty upwards to 115% without fully disclosing these

terms, conditions, and provisions at the time of closing;

g.  Suppression and concealments, failure to exercise an inherent "duty of care" to counsel, inform, or explain technically intricate and mechanically complex elements of the contract/agreement;

h.  In efforts to establish "clean hands standing", Defendants did intentionally and maliciously engineer a systemic process of deliberately removing knowledgeable loan officials from the loan signing procedure and replacing them with limited scope para-professionals (notaries/loan signers), therefore withholding critical information that would allow Plaintiff to make informed decisions and incorporate amendments and addendums with language to insure their best economic interest;

i.  Charging excessive, unconscionable fees and preparing false financial statements;

j.  Fabricating and submitting falsified loan application documents, including defective deeds;

k.  Using low or no-documentation (liar loans) which allowed no verification of income;

l.  Making Plaintiff sign a large stack of documents without providing adequate time to thoroughly read and mentally digest and weigh-out the ramification and economic consequences of the contract;

m.  Concealing prepayment penalties;

n.  Hiding total monthly payment obligations and proposed interest payments over the 360 month cycle of the loan;

28.  Despite receiving numerous complaints from many homeowners that they did not understand the loan, defendants, ignored loan officers' deceptive practices and seemed to encourage

dangerously loose underwriting practices.

29. As a direct and proximate result of the deceptive and unfair loan lending practices tens of thousands of borrowers, including the Plaintiffs, have been placed in an unaffordable loan engineered to self-destruct (foreclose). A national trend of highly exaggerated property values, a proliferation of extremely risky loan instruments, fraudulent inducement and coercion to enter into these debt traps, and the emergence of a banking culture of deception, misrepresentation, fraud and predatory entrapment strategies ushered our local community and eventually our nation into a major economic collapse.

30. In last hour desperation, Plaintiffs began to explore alternative means of retaining their home, including, but not limited to a loan modification or refinancing of the mortgage with the goal of a reduced mortgage payment.

31. Plaintiffs soon realized that no other financial institution could or would ever refinance such a loan due to the adjustable rate provisions and penalties. Plaintiffs therefore sought a loan modification agreement with the defendant.

32. After discovering that no financial institution would refinance the loan, notwithstanding, defendants deceptive and predatory lending practices, Plaintiff contacted the defendant and requested that defendants assist regarding the mortgage in alignment with provisions of The Home Owners Loan Act of 1933 (**HOLA**) and the Obama administrations Federal Mortgage Assistance Programs.

33. Plaintiffs continued to exert efforts to oblige the defendants assistance in order to prevent foreclosure. Plaintiff complied fully with all provisions of the HOLA and Federal Mortgage Assistance Programs except for those conditions which but for Defendants breaches and actions, was prevented from performing.

34. Plaintiffs attempted to enter into a "MAKING HOME AFFORDABLE MODIFICATION AGREEMENT" with defendant. However, said agreement was never entered into after several representations from the Defendants that the principal loan amount would be adjusted in relation to present market value, Plaintiff would have a reduced monthly mortgage payment.

35. Defendants breached the parties' agreement in that they failed to memorialize the terms of the negotiated monthly payment in writing and while they were in negotiations, Defendants continued to foreclose by recording a Notice of Default without proper notice to Plaintiff.

36. The principal amount was not adjusted in relation to current market value; and the agreement required Plaintiff to make a substantially higher monthly mortgage payment.

37. Plaintiff has complied with all covenants except for those, but for the breaches, suppression, concealment and wrongful acts of defendants, he was prevented from performing.

38. In the mean-time, Plaintiff has continued to plead with the defendants to comply with all relevant Federal Laws, California State Laws, Federal Mortgage Assistance programs as well as California Mortgage Assistance programs with the hope of enabling Plaintiffs to retain legal and physical ownership of the subject property. Notwithstanding Plaintiffs best efforts, in light of defendants' predatory loan practices enumerated herein and State and Federal provisions to retain legal and physical ownership of the subject property.

39. As a direct result of a national trend of highly exaggerated property values, a proliferation of extremely risky loan instruments, fraudulent inducement and coercion to enter into these debt traps, and the emergence of a banking culture of deception, misrepresentation, fraud and predatory entrapment strategies our nation has suffered a major economic collapse. In light of the

local decline in the real estate industry, decreasing property values, bank closures, and the demise of major hedge fund and investment groups, the toll on Plaintiffs' financial condition had proven catastrophic. Needless to say, our overall economic injuries as described in the initial complaint are grossly underestimated.

40. Through a great deal of personal sacrifice, Plaintiff managed to maintain a history of consistent timely monthly mortgage payments. Plaintiffs' equity value had continued on a downward slope while the cost of maintenance, upkeep, insurance, repairs, and taxes were constantly increasing.

41. It was further learned that defendants, and each of them engaged in unethical and illegal business practices (Pick-A-Payment Loan Options) which is among the most egregious form of debt entrapment and predatory lending; Fraudulent Mortgage Note Origination; Fraudulent Concealment and Misrepresentation At Time of Origination; Patriot Act Violations/Unlawful Funding of Note; Improper Securitization of Loan/Note; Improper Assignment of Mortgage/Deed of Trust/MERS; and Breach of Contract Regarding Trial Modification Agreements.

42. Plaintiff' hereby alleges the following Recovery is sought pursuant to California's False Claims Act, CA Government Code § 12650 et seq. and in particular, §§ 12651(7) & (8) and False Claims Act (31 U.S.C. §§ 3729 – 3733) for all acts which occurred within ten (10) years of the filing of the original complaint.

43. During the ten years immediately preceding the filing of the original Complaint herein, Defendants with full knowledge, and/or reckless disregard, and or willful ignorance, made false representations in order to avoid payment in full for all fees for recordation of documents reflecting the establishment and/or transfer of secured interest in real property in the

State, and further failed to record documents with the intent of avoiding payments to the Counties.

44. The Defendants adopted the Mortgage Electronic Registration System (MERS) to deprive county and state governments of revenue used among other things to maintain county real property records, fund the judiciary, fund school systems, and provide other government services. But for the recordation of false statements, the Defendants would have paid additional recording fees to the Counties.

45. The Unfair Competition Law ("UCL"), codified at Bus. & Prof. Code § 17200 et seq., makes it unlawful for a business to engage in a "business act of practice" that is "unfair" or "unlawful" or "fraudulent." By virtue of their direct injuries as stated herein, and by virtue of statements identified above in regards to the requirements of California Code of Civil Procedure section 382, Plaintiffs', and each of them, have standing to sue and enforce remedies under the UCL. An "unlawful" business activity includes "anything that can properly be called a business practice and that is at the same time forbidden by law." *(Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3rd 94, Ill.) Prohibited "unlawful" practices are any practices forbidden by law whether civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. *(Farmers Ins. Exchange* v. *Super. Ct.* (1992) 2 Cal.4th 377,383.)

46. A business practice is "fraudulent" within the meaning of § 17200 et seq. if members of the public are likely to be deceived by the business practice. *(Bank of the West* v. *Super. Ct.* (1992) 2 Cal. 4th 1254; *Committee on Children's Television* v. *General Foods Corp.* (1983) 35 Cal. 3rd 197.) The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts or practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *(Cal.Bus. & Prof Code* § 17203.)

47. An action under the UCL may be brought by any person, corporation or association or by any person acting for the interests of itself, its members, or the general public. *(Cal.Bus. & Prof Code* § 17204.)

48. By failing to comply with the legal prerequisites for foreclosure proceedings, defendants, and each of them, are engaging in unfair business practices such as to justify the relief sought under the UCL.

49. Plaintiffs' incorporate by reference paragraphs 1 through 40 of this complaint as if fully set forth herein. Because the parties stood in the relationship of Consultant and Client, Plaintiff was in a vulnerable and dependent position, of which Defendants were aware. Defendants implicitly covenanted to deal with Plaintiff in good faith and fairly.

50. By reasons of the Defendants negligible acts as set forth above, Defendants, and each of them, committed a breach of the implied covenant of good faith and fair dealing. As a direct, proximate and foreseeable result of said breach, Plaintiff suffer emotional distress, actual, special, and general damages as set forth in this complaint.

51. Plaintiff realleges and incorporates by reference as though set forth fully at this point, each and every allegation contained in paragraphs 1 through 50 as related to the "Subject Property".

52. Plaintiff initially entered into a Loan Agreement with Defendants which was eventually acquired/transferred to multiple subsequent servicers through transactions and formal filings cofacilitated by MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.

53. Relator, JOHN H. ELLIS was coaxed into an ADJUSTABLE RATE MORTGAGE that was technically engineered to increase interest rate annually for the life span of the loan, which would eventually adjust Plaintiffs' mortgage payment beyond *affordability* and *sustainability* which led to the eventual forced default, acceleration, illegal sale and illegal

eviction. Although, we complied fully with all provisions of the HUD, HOLA, FHA, and Federal Mortgage Assistance programs requirements, except for those conditions or covenants but for the breaches, suppression, concealment and wrongful acts of defendants, they were prevented from performing.

54. In the mean-time, Plaintiffs had continued to plead with the defendants to comply with all relevant Federal Laws, State Laws, Federal Mortgage Assistance Programs as well as California Mortgage Assistance programs with the hope of enabling Plaintiff to maintain possession of the home. Notwithstanding Plaintiffs' best efforts, [and defendants' predatory loan practices enumerated above in violation of State and Federal provisions] to retain our home.

55. As of the date of this writing, there has been no recording of the Notice of Sale which would be in violation of statutory rules governing foreclosure sales, and the Trustee and beneficiary both failed to follow the statutory rules for a valid foreclosure under the California Civil Code and the intended or purported foreclosure sale is, therefore, void. Such recording would also in violation of the California State Civil Code of procedures.

56. Additionally, no trustee's sale notice has been generated as it would be void because the requirements of Civil Code Section 2923.5.

57. An actual controversy presently exists between Plaintiffs and defendants over their respective rights and obligations regarding title to the subject property.

58. Plaintiffs will seek a judicial declaration declaring that the recording of a Notice of Default and/or Notice of Sale constitutes a cloud of Plaintiffs' title; and the same be declared invalid and expunged.

59. Plaintiffs alleges and incorporated by reference as though set forth fully at this point, each and every allegation contained in paragraphs 1 through 59.

60. On information and belief, defendants, WACHOVIA MORTGAGE, FSB, f/k/a WORLD SAVINGS BANK,  FSB a/k/a WELLS FARGO HOME MORTGAGE, f/k/a Wachovia Bank, f/k/a World Savings ("Wells Fargo"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); CAL WESTERN RECONVEYANCE CORP. and FRANKLIN CREDIT MANAGEMENT CORPORATION  are the alter ego of defendant WELLS FARGO BANK, N.A. such that there is a unity of interest and ownership that the individuality or separateness, of such person or entities has either ceased or the facts are such that an adherence to the fiction of separate existence of these corporations would under the particular circumstances sanction a fraud or injustice and would promote and abuse of corporate privilege.  Therefore, for any and all claims filed against any one of these defendants this Court or the Trier of fact should hold that they are all liable jointly to the Plaintiff for the claims alleged.

61. Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint.  They were required to exercise such power in good faith but failed to do so.

62. Plaintiffs alleges and incorporated by reference as though set forth fully at this point, each and every allegation contained in paragraphs 1 through 61.

63. Although, Plaintiff attempted to mitigate tangible and economic injury, Defendants engaged Relator in a loan contract engineered to eventually force a default and trigger an acceleration of payment terms as detailed in Plaintiff's Deed of Trust.

64. By performing the acts described herein, Defendants continually breached their contractual obligations under the loan modification agreement(s).

65. Despite demand, Defendants refused to adjust the loan to present market value with a resulting reduction in monthly mortgage payments.

66. Plaintiffs have complied with all covenants and conditions except for those but for

the breaches, suppression, concealment and wrongful acts of defendants, we were prevented from performing.

67. As a direct and proximate result of said breach, Plaintiffs' have suffered general and special damages in an amount according to proof.

68. Plaintiffs re-alleges and incorporated by reference as though set forth fully at this point, each and every allegation contained in paragraphs 1 through 67.

69. By their wrongful acts and omissions, all named defendants have been unjustly enriched at the expense of Plaintiff, and thus Plaintiff have been unjustly deprived.

70. By reason of the foregoing, Plaintiff seeks restitution from the named Defendants, and an order of the Court disgorging all profits, benefits, and other compensation obtained by these defendants from their wrongful conduct.

71. Plaintiffs alleges and incorporated by reference as though set forth fully at this point, each and every allegation contained in paragraphs 1 through 70.

72. Section 17200 of the California Business and Professions Code provides that "unfair competition shall mean and include any ... fraudulent business act or practice."

73. Plaintiffs' are informed and believe and thereon allege that defendants continue in their fraudulent business which include but are not limited to: 1) promising homeowners loan modifications that defendants have no intention of actually providing; 2) by routinely issuing NOD's without first complying with the legal requirements of California Civil Code section 2923.5;   3) by repeatedly demanding documentation from borrowers with full knowledge or in reckless disregard of the fact that said documentation had already been provided;  4) by continuing to demand and accept mortgage payments that have in fact foreclosed;  5) by intentionally misleading Plaintiffs' into believing that a foreclosure had not occurred or that one had been entered in "error".

74. Plaintiffs' hereby incorporate paragraphs 1 through 73 of this complaint as if fully set

forth herein.

75. The office of Comptroller of the currency defines predatory lending as anyone secured by real estate that shares well-known common characteristics that result in unfair and deceptive practices under California business and professions code section 17200.

76. Acts constituting predatory lending in this matter include, but are not limited to, the fact that this loan was marketed in a way that failed to fully disclose all material times. In addition, the loan contains terms that were inherently unfair, fraudulent or unconscionable.

77. The subject loan documents do not plainly and prominently disclose the good faith estimate of closing costs, the site of a yield spread premium paid directly or indirectly, in whole or in part to a mortgage loan officer.

78. Plaintiffs' is informed and believe and thereon allege that defendants committed other acts which rise to the level of predatory lending. Plaintiffs' will amend their complaint to allege these factual allegations when ascertained.

79. As a direct and proximate result of these actions, Plaintiffs' have suffered general and special damages in an amount to be proven at trial. Plaintiffs' are also entitled to punitive damages based on the acts described herein.

80. Plaintiffs' hereby incorporate by reference paragraphs 1 through 79 of this complaint as if fully set forth herein.

81. California law precludes any lender in California to begin foreclosure (i.e. filing a Notice of Default, or requesting the same, hereinafter "NOD") without the lender meeting with and legitimately pursuing options to adjust mortgages of California homeowners. With homeowners that cooperate in speaking with the lenders, the law requires all lenders to file a declaration along with any NOD stating under oath what they did to attempt to adjust the mortgage.

82. Extensive citation to the Legislature's reasoning in Senate Bill 1137 is instructive:

SECTION 1. The legislature finds and declares all of the following:
　　　　(a) California is facing an unprecedented threat to its
　　　　state economy and local economies because of skyrocketing
　　　　residential property foreclosure rates in California ....
　　　　(b) High foreclosure rates have adversely affected property

values in California, and will have even greater adverse consequences as foreclosure rates continue to rise ....

(c) *It is essential to the economic health of California* for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by *modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure.* These changes in accessing the state's foreclosure process are essential to ensure that the process does not exacerbate the current crisis by adding more foreclosures to the glut of foreclosed properties already on the market when a foreclosure could have been avoided. Those additional foreclosures will further destabilize the housing market with significant, corresponding deleterious effects on the local and state economy.

California Civil Code section 2923.5 provides in pertinent part 2923.5. (a) (1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the

meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

83. At no time did defendants contact Plaintiffs' in person or by telephone in order to assess his financial situation and explore options to avoid foreclosure. At no time did defendants advise Plaintiffs' that they had the right to request a subsequent meeting, nor did they inform him of his right to schedule another meeting within 14 days.

84. At no time did defendants provide to Plaintiffs' the toll-free telephone number made available by the United States Department of Housing and Urban Development to find a HUD-certified housing counseling agency.

85. Any certifications contained within the aforementioned NOD claiming compliance with Civil Code section 2923.5 are in fact false. Any certifications contained within the aforementioned NOD claiming any exemptions from the requirements of 2923.5 are in fact false, or were obtained under false pretenses.

86. Plaintiffs' hereby incorporate by reference paragraphs 1 through 85 of this complaint as if fully set forth herein.

87. By making the false statements to the credit reporting agencies as noted above, , defendants made false allegations which have damaged their credit and have in fact caused injury to their reputation as a result.

88. At the time that defendants made the statements noted above, they did so with the intent of causing harm to Plaintiffs', knowing that the statements were false when made, and made them with the intent to harm Plaintiffs'.

89. Defendants made these statements to third persons.

90. At the time defendants made these statements, they knew or should have known them to be false and reasonably understood that said false statements were additionally negative statements about Plaintiffs'' honesty, integrity, and creditworthiness.

91. The persons/entities to whom these statements were made reasonably understood these statements to mean that Plaintiffs' were high credit risk. Because of these statements, Plaintiffs' have suffered damage to their reputation both *per se* and in an actual amount to be determined at trial.

92. Defendants failed to exercise reasonable care to convey truthful information.

93. As a direct, legal and proximate result of said statements and action Plaintiffs' have been *per se* damaged.

94. As a direct, legal and proximate result of said statements and actions, Plaintiffs' have suffered actual damage to their reputation, property, business, trade and profession as well as shame, mortification and hurt feelings, in an amount to be proven at trial.

95. In making the above statements, defendants, and each of them acted with actual

1  malice and/or reckless disregard for the consequences of their actions justifying the

2  imposition of exemplary damages.

3      96.  Plaintiffs' incorporate by reference paragraphs 1 through 95 of this Complaint as

4  if fully set forth herein.

5      97.  As a direct, legal and proximate result of the actions mentioned above, Plaintiffs'

6  have been painted in a false light.

7      98.  Defendants published the aforementioned information to others that showed

8  Plaintiffs' in a false light.

9      99.  The false light created by the publication would be highly offensive to a reasonable

10  person in Plaintiffs'' position.

11      100.  There is clear and convincing evidence that defendants knew that the publication

12  would create a false impression about Plaintiffs' and that defendants acted with reckless

13  disregard for the truth.

14      101.  As a direct, legal and proximate result of said actions Plaintiffs' have

15  suffered damages including but not limited to: damage to their property, business,

16  profession or occupation.

17      102.  Defendants' conduct was a substantial factor in causing Plaintiffs'' harm.

18      103.  In making the above statements, defendants, and each of them acted with actual

19  malice and/or reckless disregard for the consequences of their actions justifying the imposition

20  of exemplary damages.

21      104.  Plaintiff alleges and incorporates by reference as though set forth fully at this point,

22  each and every allegation contained in paragraphs 1 through 103.

23      105.  The assignment of the deed of trust is invalid, and of no force and effect, for the

24  reasons set forth above including, inter alia, the facts that WELLS FARGO HOME LOANS;

25  WELLS  FARGO  BANK,  N.A.;  FEDERAL  NATIONAL  MORTGAGE  ASSOCIATION

26  (Fannie Mae); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS");

1   nor any potential foreclosing defendants have standing or the legal authority to assign the deed

2   of trust which purportedly secured the Note, and which severed as the basis for a claim to have

3   the right to conduct a non-judicial foreclosure.  Thus, the assignment of the deed of trust is at all

4   times void.

5          106.  Plaintiff is therefore entitled to an order that the Assignment of the Deed of Trust is

6   void *ab initio* and canceling such Assignment.

7          107.  Plaintiff alleges and incorporates by reference as though set forth fully at this point,

8   each and every allegation contained in paragraphs 1 through 106.

9

10          108.  "MERS" operates as a record-keeping database company in which MERS contracts

11   with lenders to conduct foreclosure sales and track security instruments in return for a fee.

12          109.  Based upon information and belief, MERS was at all times herein operating in the

13   State of California without registering as a foreign corporation to avoid paying taxes to the state.

14
15          110.  As a result of MERS' failure to comply with the California State franchise tax

16   laws, the assignment of the Deed of Trust alleged herein is voidable by Plaintiffs pursuant to

17   Rev & Tax Code §§ 23304.1, 23304.1(b), and 23305a.

18          111.  Moreover, MERS is not in the business of creating evidences, and it is not a foreign

19   lending institution.  It does not originate loans, never had any true interest in the subject loan or

20   Deed of Trust, and thereby does not meet any legal exceptions to the registration requirement for

21   foreign corporations.

22
23          112.  MERS conducted business in the State of California when it was not registered

24   with the Secretary of State.  Specifically, it prepared and/or executed an Assignment of Deed of

25   Trust.

26          113.  At all relevant times herein, MERS was not registered in California and could not

27

28

1   prepare or execute the Assignment of Deed of Trust, MERS had no legal authority to take such

2   action.   Deeds of Trust are contractual in nature.   A contract made by a corporation doing

3   business in California while that corporation has failed to perform its franchise tax obligations is

4   voidable at the option of any party to the contract, other than the [delinquent] taxpayer.   Thus,

5   MERS did not have the legal capacity to enter into a contract with Plaintiff or anyone else, and

6   Plaintiff has the option of voiding the contract.   Therefore, any action that MERS took with

7   regard to assigning the deed of trust and substituting the trustee would be *ultra vires* and void.

8

9   114.   Plaintiff hereby expressly request an adjudication to the effect that the assignment

10   of the Deed of Trust by MERS is void.

11   115.   As a direct and proximate result of defendants' wrongful conduct and eventual

12   eviction, Plaintiffs have suffered economic damages in a sum according to proof and will be

13   further damaged in like manner so longs as defendant's conduct continues.   The full amount of

14   such damages is not yet known to Plaintiffs.   However, Plaintiffs will amend this complaint to

15   state such amount when the same becomes fully known to Plaintiff or on proof thereof.   It is

16   Plaintiff's intent to seek the assistance of an econometric expert, who can provide a

17   comprehensive analysis and quantify the present-day value of Plaintiff's actual damages and

18   material losses.

19

20   116.   Plaintiff alleges and incorporates by reference as though set forth fully at this

21   point, each and every allegation contained in paragraphs 1 through 115 above, as though

22   fully set forth herein this paragraph of the fourteenth Cause of Action. When plaintiff

23   suffered an economic hardship and became unable to pay Defendant the monthly mortgage

24   payment due each month, plaintiff notified of an extreme economic hardship and that he

25   could not continue to pay the monthly mortgage due.   Plaintiff requested a modification of

26   the existing loan to avoid foreclosure.

27   115.   At all times mentioned herein, Defendants, in doing the things alleged herein

28

1    failed to reasonably contact plaintiff and or to reasonably engage plaintiff in an interactive

2    process and or discussion that was designed to reasonable explore with plaintiff, reasonable

3    alternatives that would enable plaintiff to avoid foreclosure and or avoid losing home in

4    foreclosure.

5         116. Defendant's abrasive, deceptive, and evasive conduct alleged herein violated is

6    a willful and intentional violation of California Civil Code §§ 1572, 1709, and 1710.

7         117. Defendants adopted the Mortgage Electronic Registration System (MERS) to

8    deprive county and state governments of revenue used among other things to maintain

9    county real property records, fund the judiciary, fund school systems, and provide other

10    government services.  But for the recordation of false statements, the Defendants would have

11    paid additional recording fees to the Counties.

12         118. MERS is named in millions of recorded documents in the counties in the

13    State.  Defendants recorded or caused to be recorded deeds of trust/mortgages and other

14    documents which identified MERS as the "beneficiary" which MERS is not, or the "nominee

15    of the lender" and "lender's successors and assigns", which MERS never was, and as holding

16    "legal title" when the legal title rested with the Trustees in the State which uses a "Deed of

17    Trust" to secure a mortgage; thereby, the Defendants falsely named, appointed and or

18    characterized MERS in any of the afore-named capacities in numerous documents recorded

19    throughout the counties of the State over the last fifteen (15) years.

20         119. Defendants made these characterizations for MERS despite the fact that MERS

21    never had and has no employees, and, instead, purported to act since the inception of MERS,

22    through alleged authorized certifying officers and signatories, who were never authorized to

23    act by any lawful official act or corporate resolution of MERS or to act in any MERS'

24    representative capacity whatsoever.  Further, such alleged signatories or certifying officers

25    were not and are not authorized by any applicable law to take any action on behalf of MERS

26    with regard to any documents recorded in the State bearing MERS' name or on MERS'

27    behalf.

28         120. Additionally, these documents affected the interests in real estate and, if recorded,

1   were required to be recorded truthfully so as to maintain the veracity and sanctity of the land

2   records and to allow the general public to rely on the truth or any document filed therein.

3         121.  Qui Tam Relator, JOHN H. ELLIS was among millions of homeowners, whose

4   Deed of Trusts were executed with promissory notes which were then transferred to various

5   MBS (*Mortgage-Backed Securities*) that were not members of MERS, the Defendants with

6   reckless disregard, and or willful ignorance, failed to record documents in the Official

7   Records of the County Recorders' Office in the county in which Relator's home is located.

8   Relator, JOHN H. ELLIS now brings this action under CA Government Code § 12651(7) &

9   § 12651 (8) against defendants for violations of these sections.

10         122.  As of the date of this complaint, MERS has been named as the mortgagee or

11   beneficiary on approximately 122 million mortgages and deeds of trust in the United States

12   by MERS members.

13         123.  Defendants acted in concert in violation of California Government Code §§

14   12650-12656, so as to commit the acts herein alleged and are each liable for the violations of

15   the False Claims Act.

16         124.  Defendants obtained monies from Qui Tam Relator, JOHN H. ELLIS via

17   intentionally inflated interest assessments and mortgage payments in the County of Alameda

18   in the State of California, pursuant to settlement statements which indicated recoding fees

19   were due and owing, which reflected each defendants' knowledge that such recordings were

20   required by law, but which documents defendants thereafter failed to record.

21         125.  Defendants obtained monies from Qui Tam Relator pursuant to settlement

22   statements which indicated recording fees were due and owing to the county records office,

23   which reflected each defendants' knowledge that such recordings were required by law, but

24   which documents, defendants thereafter failed to record.

25         126. Additionally, these documents affected the interests in real estate and were,

26   therefore, to be recorded pursuant to California Government Code §29280 and CA Civil

27   Code § 880.350 and in order to proceed falsely under the provisions of CA Civil Code 2924

28   and other provisions of California law.  Therefore, Defendants deliberately recorded documents

that did not reflect and do not reflect the true nature of Plaintiff's Deed of Trust (*security instruments*) in the land recording systems throughout the State.

127.  While recording deeds of trusts, mortgages, or any other security instruments and/or assignments the Defendants availed themselves of protection from subsequent purchasers and lien holders as provided by the California recording statutes.  When recording such interests, Defendants were obliged to record *only truthful documents* pursuant to the laws of the State.

128.  The Defendants' contractual and agency relationships with MERS also required, as does California law, that additional documents be *truthfully recorded* if there was a transfer of an interest in real property, i.e. the status of the loans and/or documents changed to a non-MERS Member.  Specifically, MERS' policies and promises with their members oblige them to record and pay for recordation of documents reflecting the establishment and/or transfer of secured interests in real property, or beneficial interest in the underlying promissory notes, when a non-MERS member acquires an interest in any debt evidenced by a security instrument.

129.  Defendants failed to record of cause to be recorded any such documents of a non-MERS member interest in the applicable loans and security instrument with the intent of avoiding payments to the Counties of the State.  Specifically, all securitized mortgage trusts created by defendants were never members of MERS but yet allegedly bought ownership interests in the applicable loans.

130.  Based on the false representations, the recorded documents in the land records do not reflect the true beneficial ownership of the loans in question or accurately represent the ownership of the security instruments securing the loans/notes.  Thus, the Defendants' own contractual relationships with MERS and with the residential mortgage backed securitization trusts which Defendants represent were also violated and not complied with as promised.  Specifically, the applicable disclosures to investors of those securitization certificates obliged Defendants to truthfully record deeds of trust, mortgages, deeds of trust/mortgage assignments, and other documents evidencing the non-MERS Member

investors' interest in real property, and, in an event of default, other foreclosure related documents recorded in Plaintiff's county and State.

131. But for the initial recordation of false statements and documents, which false documents also then created an obligation to record other curing/corrective documents, the Defendants would have paid additional recording fees to the county recorders' office that would have been used for the benefit of all residents of the county and the State.

132. Using those false statements, the Defendants failed to satisfy their own contractual obligations, violated the sanctity of the lad records and used those misleading documents to deceive Qui Tam Relator, JOHN H. ELLIS; persuade Relator to sign the predatory Deed of Trust/Mortgage (*Security Instrument*); induce securitization and certificate investors to purchase residential mortgage backed securities issued from mortgage securitization pools that the Defendant financial institutions created, aggregated, sponsored, underwrote, and sold in the securities market around the world. All the time that these acts were occurring, the Defendants failed to record any real estate interests on those securitizing trusts in the land records of the state; thereby, not paying the necessary recording fees in the applicable land record office.

133. But for the false assertions and claims in the recorded documents, MERS and/or the other Defendants would have recorded documents and paid county governments fees that accurately reflected the status of the respective loans and documents.

134. Falsely recording MERS as the beneficiary on their deeds of trust created an oversimplified, illusory, and false chain of title that purported to justify payment of less money in recording fees; depriving the county and the State of those fees and directly contributed to hardships still experienced by Qui Tam Relator and the financial deficits that Relator's County and State have continued to experience.

135. Furthermore, in an event of foreclosure and in order to proceed under California Government Code § 12651 *et seq.*, Defendants continue to record false and misleading documents to avail themselves of the privilege of the non-judicial foreclosure statutes and

falsely assert that MERS was authorized, as a **false** "nominee of lender or beneficiary of lender," to record documents enabling Defendants to continue perpetrating the fiction in Relator's recorded documents by filing yet additional documents purporting to designate substitute beneficiaries and appointment of substitute trustees to commence foreclosure proceedings.

136.   When a promissory note secured by a MERS deed of trust/mortgage was assigned to a mortgage backed security entity ("MBS"), as securitized mortgage investor pool, mortgage loan pool, special purpose vehicle ("SPV"), or other real estate mortgage investment conduit ("REMIC"), pursuant to MERS' own rules and membership agreements the agency authority, if any, and the relationship of MERS and all of its members to the promissory note and deed of trust/mortgage was extinguished, and a truthful recording should have been made to accurately reflect the change of status with respect to Relator's loan(s).

137.   The MERS membership agreement obliged Defendants to make two separate recordings in the event of a transfer to a mortgage backed security pool or trust (MBS, SPV, or REMIC) outside the MERS system:   (1) an assignment of beneficial interest and (2) a designation of substitute trustee or beneficiary.

138.   Immediately upon every such assignment to a securitized mortgage pool trust, the assignment of the Note and/or Deed of Trust (Mortgage) to a new beneficiary was required to be recorded in the Official Records of the County Recorders' Office in the County where Relator's real estate (*"subject property"*) is located.   Defendant's MERS and the named Defendants, however, failed to make such recordings or pay the required fees.

139.   Despite millions of deeds of trust in the State of California being executed with promissory notes, which notes were then allegedly transferred to various MBS, SPV or REMIC's that were non-MERS Members, the Defendants intentionally failed to record the documents described above, and other documents, so as to reflect the non-MERS' Members' interest in the loans and in the land records.

140.   As of the date of this writing, MERS has been named as the mortgagee or

1   beneficiary of approximately 122 million mortgages and deeds of trust in the United States.

2       141. Defendants have routinely violated the False Claims Act by taking such actions

3   as preparing and recording documents containing information the Defendants knew was

4   false, including without limitation documents which incorrectly and untruthfully designated

5   MERS as a "Beneficiary" or "Nominee" of lender, including, but not limited to: (1) deeds of

6   trust (mortgages); (2) notices of substitute trustee: (3) notices of default; (4) trustees' deeds

7   of sale following foreclosure; (5) recording documents which purported to assign *from*

8   MERS *to* some other entities, even entities that are not MERS Members, a deed of

9   trust/mortgage without first transferring the underlying promissory note evidencing such

10  indebtedness; and (6) preparing and recording other documents intended to avoid or decrease

11  recording fees regarding documents that would otherwise have reflected the truth.

12      142. Defendants with reckless disregard, and/or willful ignorance, recorded Relator's

13  documents relating to the acquisition of the subject property wherein employees of

14  companies other than MERS falsely identified themselves to Relator as being "officers

15  and/or vice presidents" of MERS, or in some instances, of the Federal Deposit Insurance

16  Corporation ("FDIC") or other entity which has no knowledge of the actions of these

17  supposed authorized signatories or certifying officers. These so-called certifying "officers

18  and/or vice presidents" have no employment relationship with MERS and are not, in fact,

19  officers or vice presidents of MERS.

20      143. In further deliberate act of deception, MERS and the other Defendants named

21  herein allow non-MERS employees to identify themselves as officers or vice presidents of

22  MERS because such identification creates the illusion of a recorded chain of title whereby

23  the actual creditors and/or loan beneficiaries remain hidden from public records. Because

24  promissory notes were frequently assigned, the falsely recorded documents decreased the

25  number of recording fees paid by Defendants.

26      144. Defendants named herein, with reckless disregard, and/or willful ignorance, or

27  otherwise, with the requisite actionable *scienter* (being fully aware wrongful acts), caused to be

28

1  made and used false records and statements designed to conceal, avoid and/or decrease their

2  obligations to pay recording fees to Relator's county and State.

3      145. The stated MERS' business model was to eliminate the recordation of

4  assignments and transfers of interest in Relators property as described herein.  MERS

5  advertised itself, via its website and written material as providing the ability to avoid the time

6  and expense of recording through a **"scheme"** whereby MERS falsely held itself out to

7  Relator/Plaintiff as a beneficiary and/or nominee or mortgagee.  Each Defendant knew or

8  should have known at all relevant times that their recording fee avoidance scheme was

9  predicated upon the false recordings disclosed in this Complaint.

10      146. Defendants and others affirmatively acted to cause MERS to be listed as the

11  lien holder of record on all recorded security instruments relating to mortgage loan notes

12  registered on the MERS® System.

13      147. The process of Defendants fraudulent use of MERS as the beneficiary under a

14  security instrument to avoid naming the true owner of the Relator's NOTE was devised to

15  eliminate recording of documents affecting interests in Relator's home, in violation of the

16  state laws under which MBS trusts were created, the laws of the United States, the County

17  and States referred to hereinabove, and to add insult to injury, Defendants continued to use

18  those false documents to avoid payment of required recording fees and to pursue judicial and

19  in relators case non-judicial foreclosures around the country.

20      148. When the note that was associated with a deed of trust (mortgage) on real estate

21  was transferred to a non-MERS member, the policies and terms and conditions of MERS

22  requires that the assignment of the loan from MERS to the non-MERS member be executed

23  by MERS and recorded in the county where the real property was located and thereby, the

24  loan would be deactivated from the MERS® System.

25      149. Each and every loan registered on the MERS System secured by real property

26  in the State that was secured by a deed of trust (mortgage) that designated MERS as the

27  beneficiary and was assigned to an MBS in a loan that was required under MERS' rules to be

28

1   deactivated and to be the subject of a recorded assignment of the deed of trust from MERS to

2   the MBS pool.

3       150.  MERS did and does maintain a list of all MERS Members, and no MBS pool

4   and on trust (i.e. MBS, SPV, REMIC) which owned or owns loans secured by MERS deeds

5   of trust on Relators real estate in the State was or is a MERS Member.

6       151.  Defendants failed to record the transfers of promissory notes and the

7   assignment of the deeds of trust to non-MERS members, then continued, even after the

8   Defendants knew such notes had been assigned outside the MERS system, to record

9   documents which Defendants knew were false in that the documents purported to reflect a

10  continuing relationship between MERS, and its MERS Members to those loans, and finally

11  the Defendants failed to pay to the counties the recordation fee for documents the Defendants

12  knew were required to be recorded in order to cause the real property recordation system in

13  the State to reflect the true ownership thereof and convey any authority to act relative to

14  those loans.

15      152.  The failure to record the required transfers and assignments of security interests

16  and the recordation of knowingly false documents was motivated by the financial self-

17  interest of Defendants to improperly profit from their business activities at Relator's expense

18  or alternatively, had that effect.  Further, having filed false documents, such false recordings

19  enable Defendants to profit from their other activities with respect to their:  (1) acquisition of

20  credit default swaps;  (2) credit derivatives;  (3) lack of any loan origination underwriting

21  standards;  (4) lack of any underwriting standards for the securitized mortgage trusts the

22  Defendants created;  (5) hide/clouded their failure to comply with any IRS REMIC rules

23  regarding transfer of loans to the REMIC entities; and (6) create the appearance of an arms-

24  length transaction so as not to violate the well-established *duty of care* principles of "good

25  faith and fair dealing.

26      153.  The designation of MERS as "beneficiary" or "nominee" of the lender on a

27  deed of trust (mortgage) was a false designation of and/or by MERS in numerous ways,

28

---

namely: (1) neither MERS nor the "Lender" so designate was the true lender; (2) MERS was not the nominee of the true lender of the funds for which the promissory note was executed; (3) MERS did not collect or distribute payments, pay escrow items, hold client funds on deposit, pay insurance for clients or borrowers, or pay taxes; (4) MERS had no right to collect money on the note or to receive any proceeds or value from Relators foreclosure; and (5) the name "MERS" DOES NOT APPEAR ON ANY PROMISSORY NOTE SECURED BY REAL ESTATE IN THE STATE.

154. The Defendants have used the non-judicial foreclosure statute to foreclose upon and/or force a short-sale, sale through public auction, and the eventual forcible eviction, of Relator using false documents in violation of the laws of the State. If <u>accurate</u> and <u>truthful</u> records would be maintained and recorded by Defendants, these <u>truthful</u> documents would result in the payment of fees for the recording of such documents and the probability that Relator would be able to salvage a fraudulently engineered default

155. An example of how the Defendants availed themselves of the benefit of the non-judicial foreclosure system through the recording of false statements without paying the obligations under those same recording statutes can be demonstrated by the *cradle-to-grave* review of the documents in the life-cycle of the MERS deed of trust of Relator, JOHN H. ELLIS of Alameda County as follows:

a. Claimant signed a Deed of Trust in which MERS is also the designated Beneficiary under this Security Instrument. who originated and serviced residential home loans in the counties of the State of California was named as the "Lender" and would be referred to in common parlance as the true beneficiary of the note because the "lender" is assumed to have been the entity that loaned the funds for the loan. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), is a Delaware corporation, doing business in the State and/or in the county of Alameda, in the State of California. MERS was named on the deed of trust as the "beneficiary" or the "nominee of the lender" and the Trustee named was Security Union Title Insurance Company. The deed of trust (mortgage) contained false statements in that WELLS FARGO HOME LOANS was not the lender and loaned no funds, and

1  MERS was not a beneficiary and was not an agent of the lender and had no authority to act as

2  an agent of the true lender/true beneficiary.

3      b. Relator made payments on the loan until the rate and payment adjusted beyond

4  affordability and sustainability. On or about December 03, 2007, Defendant(s) recorded a

5  **"Notice of Default and Intent to Accelerate"** Declaration pursuant to California Civil Code

6  2923.5 naming MERS as present Beneficiary under said Deed of Trust and DEUTCHE BANK

7  as owner and holder mortgage loan. Consequently, a "Substitution of Trustee" was recorded

8  in Relator's chain of title wherein WELLS FARGO BANK, N.A. and MERS represented

9  themselves to be the Trustee and Beneficiary under the deed of trust (mortgage) and MERS

10  substituted RECONTRUST as Trustee for purposes of foreclosure. No document was recorded

11  that gave authority to MERS to act as agent for the true lender to substitute the Trustee, and

12  MERS did not allege to act on behalf of WELLS FARGO BANK, N.A. which had five days

13  earlier recorded the Notice of Default Declaration as the alleged then beneficiary of agent of the

14  beneficiary under the Relator's deed of trust (mortgage).

15

16      d. WELLS FARGO BANK, N.A. recorded a "Notice of Default" with the false

17  statement that they were authorized to act for the true lender or beneficiary of the promissory

18  note and further implying that the beneficiary of the note held the deed of trust and held any

19  security interest in Relator's home.

20      e. A subsequent document was recorded in the chain of title of Relator's home signed

21  by Kyle Forsgren, who purported to sign on behalf of MERS, but is not an employee nor

22  certifying officer of MERS in Alameda County, California. This document purported to assign

23  the deed of trust to DEUTSCHE BANK. No document was recorded that conveyed any

24  interest in Relator's home or loan to WELLS FARGO BANK, N.A., the entity, whose "Notice

25  of Default Declaration" described in section (b) above started the non-judicial foreclosure of

26  Relator's home.

27      f. MERS recorded a Notice of Trustee's sale on Relator's home.

28      g. After this "Notice of Trustee's Sale", the Relator's home was allegedly sold to the

alleged true owner of the loan since prior to the Notice of Default Declaration, Federal Home

Mortgage Association (Fannie Mae) laid claim to be the "true owner". No document was

previously recorded to show that Fannie Mae had ever declared a default, designated or

authorized any agent to designate a substitute trustee, or ever owned any interest in the loan or

real estate of Relator.

156. When a mortgage loan is securitized (*placed in a mortgage loan pool that is*

*subsequently sold in the securities market*), and ***does not default***, the false designation of and

use of MERS allows: (1) the loan funder; (2) the securitized loan sponsor; (3) the loan master

servicer; (4) the loan sub-servicers; (5) the securitized loan trust; (6) the loan custodian; (7) the

securitized loan trustee; (8) the credit default swap and credit derivatives parties/counter parties,

and others to avoid recording any interest that each and every one of them would have in the

property secured by the deed of trust/mortgage.

157. MERS and the other Defendants effectuate transfers of real estate interests via

"electronic handshake(s)" that the Legislature of the State intended to be recorded by the county

land recorders for the purpose of providing an accessible public record that reflects the actual

transfers of interests in real estate available to the public and, particularly, by other interested

secured creditors and judgment holders, where the real estate is situated. That is, Defendants

availed themselves of the protection and benefit while impairing integrity of the land records.

158. The Defendants knew, and should have known, the MERS system was a sham;

was intended to wrongfully bypass the counties' recording requirements; divested the

Borrower/Relator of the right to know who owned the promissory note that was executed with

the deed of trust/mortgage or other security instrument; and recorded false documents to initiate

and pursue non-judicial foreclosures, and to otherwise decrease or avoid payment of fees to the

County, City, and State where the subject property is located.

159. The Defendants' actions complained of hereinabove were taken with reckless

disregard, and or willful ignorance that the recording of false documents and the failure to

record truthful documents jeopardized the real property recording system adopted by the

Legislature for the purpose of maintaining certainty in real estate transactions and for public

1   knowledge.

2   160.  These recordings and failures to record created/create a cloud on title as to

3   property secured by MERS deeds of trust/mortgages, security instruments and lien releases

4   throughout the State.

5   161.  Unlike the recordation system adopted by the General Assembly of the State of

6   California, MERS does not have a reasonable monitoring system to ensure that knowledge of

7   the ownership of the interests in real estate is made available to the public.  MERS members and

8   so called "authorized signatories" or "certifying officers" failed to monitor the documents

9   recorded in the county and State in which Relators real property is situated.

10   162.  Defendants have used these security instruments with MERS being falsely

11   designated as the "beneficiary" as a means of effectuating foreclosures by use of the County

12   Recorders just prior to the foreclosure by recording documents only to the extent of effectuating

13   the foreclosure without recording any of the interim transfers prior to the foreclosure.  MERS

14   claims have literally resulted in devastating socio-economic residuals that are directly related to

15   measured increase in intercity crime, divorce rates, domestic violence and abuse, alcohol and

16   drug abuse, depression, suicide, personal bankruptcy filings, corporate bankruptcy filings,

17   diminishing police and fire services; public school closures, social disharmony, and mass

18   murders just to name a few.

19   **CLAIM FOR RELIEF**

20   (Violation of CA. Government Code § 12650 and False Claims Act (31 U.S.C. §§ 3729 - 3733)

21   163.  Plaintiff relator, JOHN H. ELLIS hereby incorporates all other paragraphs of this

22   Complaint as if set forth herein.

23   164.  MERS was formed and has operated in the State of California for at least fifteen

24   (15) years immediately preceding the filing of this Complaint in this matter and continues to

25   operate with the effect of avoiding and/or decreasing payment of fees or monies to the county

26

27

28

1  Recorders of each county of the State in violation of CA Government Code §12650.

2     165.  Having maliciously entrapped Qui Tam Relator named herein in a classically

3  predatory loan contract, Defendants continued to prepare and/or record false documents,

4  including security instruments (e.g. deeds of trusts/mortgages), notices of declaration of default,

5  notices of default, notices of appointment of substitute trustees, notices of sale, trustees' deeds

6  upon sale, and other documents for the purpose of avoiding and/or decreasing their obligation to

7  pay recording fees.

8     166.  As a direct and proximate result of Defendant's actions as described herein,

9

10  literally millions of unsuspecting new home buyers have become victims to a host of adjustable

11  mortgage home loan schemes, laced with interest-only, pick-a-pay, and balloon payment options

12  that are uniquely engineered to adjust beyond affordability and sustainability.  With revenue

13  generated from down payments; monthly payments; trial loan modification proceeds; and which

14  not only creates an endless stream of income and the predictable probability of returned

15

16  inventory for resale, Defendants have not only bilked naïve home buyers, but have deprived

17  counties and the State of revenue to which they were legally entitled.

18     167.  As a further direct and proximate result of Defendants' actions as complained of

19  herein, Relator has been deprived of life savings invested in the subject property; the dream of

20  home ownership and the counties have been deprived of the use of revenues and interest thereon.

21     168.  It was with willful ignorance or reckless disregard that Defendants avoided paying

22  recording fees and failed to disclose the transfers and assignments of interests in real estate

23

24  which had the effect of avoiding and decreasing the recordation fees owed to the counties of the

25  State of California.  However, their economic entrapment of Relator in the loan contract which

26  is the subject of this complaint was deliberately contrived and strategically engineered to

27

28

generate a revolving-door revenue stream.

169. Defendants, with willful ignorance or reckless disregard, made false, misleading, and untruthful statements recorded in documents in the land records which falsely assert that an interest is held and/or transferred by MERS, or that MERS was or is authorized to act as an agent or nominee for non-MERS members.

170. Pursuant to CA Government Code § 12650 and Federal False Claims Act (31 U.S.C.§§ 3729-3733), Defendants are liable for three (3) times the amount of the damages actually sustained; for the cost of bringing this action; and for liquidated damages for each act constituting a violation of the False Claims Act.

171. Pursuant to California False Claims Act provisions, Relator is entitled to recover reasonable expenses and attorneys' fees.

172. The acts of the Defendants in violation of the False Claims Act are continuing by Defendants, and the continuing acts are included as claims on behalf of the real parties in interest and by the Relator.

WHEREFORE, THE UNITED STATES, *ex rel.* and Relator, JOHN H. ELLIS hereby request that the court enter judgment in favor of Plaintiff/Relator against Defendants as follows:

1. Pursuant to the "*Award to Relator*" provisions of the False Claims Act as detailed in 31 U.S.C. §§ 3730(d) and 3730(c)(5), Relator, JOHN H. ELLIS hereby seeks restitution, damages, and remuneration in the range of 15% to 25% (**$3,750,000 to $6,250,000**) of assessed fines;

2. For pre-judgment interest, late fees and penalty assessment on all damages awarded;

3. For economic restoration for *common-law claims* under the umbrella of <u>False Light</u> and <u>Defamation</u>;

1    4.  For reasonable costs; mailing expenses; forensic analytics expenses, including cost of

2        forensic audit report preparation; technical and administrative support fees; and

3    5.  For such other relief that the Court or Jury deems fair, just, and equitable.

4

5    Dated:   July 01, 2021

6

7    Respectfully Submitted by:

8

9    _John H. Ellis_

10   JOHN H. ELLIS
     *Plaintiff in Propria Persona*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION

2

3      I, the undersigned, hereby verify and declare that I am a Qui Tam Relator in this action.

4  I further affirm that I am authorized to make this verification and that I am familiar with the

5  facts alleged in this claim for damages.

6
       I have reviewed the affixed Claim for Damages and Supplemental Attachment for

7
   Intentional Misrepresentation and Violations of the False Claims Act, inclusive of California

8
   Codes (Gov. 12650 -12656) and (31 U.S.C. §§ 3729 – 3733) as well as other State and Federal

9

10  violations and know the contents thereof, and hereby declare and verify that the facts set forth

11  therein are true and correct to be best of my knowledge.

12      As to those claims asserted against defendants and incorporated herein which were

13  drawn from published court recordings; and investigative findings reported by various federal

14
   agencies, except for those matters alleged on convincing information substantiating my belief,

15
   and as to those matters, I also believe them to be true.

16

17      I hereby declare under penalty of perjury under the laws of the State of California and the

18  United States of America that the foregoing is true and correct.  This verification was executed

19  on the _____ day of July in the year 2021 of our Lord.

20

21  Respectfully Submitted By:

22

23  _____

24  JOHN H. ELLIS
   *Qui Tam Relator*

25

26

27

28

## DECLARATION OF JOHN H. ELLIS

I, JOHN H. ELLIS declare as follows:

1.  I am over the age of 18 years and a party to this action.   I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.  I submit the attached Claim subsequent to a preliminary syntactic analysis of my Deeds of Trust and supplemental attachments which revealed enumerable *intentional errors and ambiguities* reflective of engineered violations under Title 18 Section 1001, Title 15 Section 1692e - False & Misleading Representation & Title 15 Section 78ff - False & Misleading Statements, which entitles the Relator to remuneration through the United States Department of Justice False Claims Act whistleblower program.

3.  I understand that my government has a duty to enforce the law and prosecute the offender under the False Claims Act (31 U.S.C. §§ 3729-3733), also called the **"Lincoln Law"** under the civil litigation principle of ***"writ of qui tam"***.   Either or both State and Federal agencies may actually join relator as Co-Claimant in this civil action.

4.  I understand that the Defendant(s) used counterfeit documents with deliberately contrived false and misleading statements to take money from the state, federal government and funded entirely by me and millions of homeowners. Through *fraction reserve banking* Defendant's used the stolen funds which created trillions of dollars that the banks kept for themselves.  The government is hereby compensating *Qui Tam Relators* (whistleblowers) for the preparation of factual information and proof that the lender not only defrauded me . . . but also defrauded the State and the Federal Government.

5.     I am aware of the fact that the Government requires that I confirm violations under the *Federal False Claims Act* and prepare a formal claim with proof of fraud to support the federal government's action to fine the lender for illegal activities, which brings in revenue for the state, federal government and injured claimants.  In and through the submission of a verified claim, I formally become a ***whistleblower*** (*material witness and co-Claimant*) who is entitled to whistleblower fees in the range of 15 to 25% of the governments total penalty assessment.

6.     I further understand that the False Claims Act (31 U.S.C. §§ 3729-3733), also called the "**Lincoln Law**" make provisions to extinguish the current loan balance on the subject property and provide "pay-off" documents for filing in local county records.   Furthermore, if the relator suffered consequential damages to their "*credit rating*", defendants shall also be required to publicly repair and restore detrimental credit scoring and credit rating records.

7.     I hereby acknowledge that I am fully aware of the federal and state tax liability upon the issuance of an award and hereby confirm our awareness of the confidentiality requisites associated with the settlement terms, conditions and provisions of any and all forms of awards that may be granted in this matter.

8.     I am further aware of the fact that this claim has been filed "*Under Seal*" pursuant to 31 U.S.C. § 3730(b)(2).  I understand the **classified** nature of this filing and will comply with my responsibilities as "*Relator*" to maintain strict confidentiality of these procedural rules and will not breach the integrity of these classified proceedings.

I hereby declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Declaration was executed on

July __l__ , 2021 at Oakland, California.

_John H Ellis_
JOHN H. ELLIS
*Qui Tam Relator/Plaintiff*

---

QUI TAM RELATOR, JOHN H. ELLIS COMPLAINT FOR VIOLATIONS OF FEDERAL FALSE CLAIMS ACT
(31 U.S.C. §§ 3729 – 3733) AND CA CODES (GOV. 12650 – 12656)



23518480

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JOHN H. ELLIS<br>2269 - 106th Avenue<br>Oakland, California 94603<br>TELEPHONE NO.: (510) 912-3581   FAX NO.:<br>ATTORNEY FOR *(Name):* In Propria Persona | **F I L E D**<br>ALAMEDA COUNTY<br><br>JUL 0 6 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street, Civil Division
MAILING ADDRESS: Same Applicable
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

CASE NAME:
JOHN H. ELLIS v. WELLS FARGO BANK, N.A.  and DOES 1-50

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: RG21103854 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 1) Contract Fraud;  2) Misrepresentation  3) Financial Elder Abuse
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JULY 01, 2021

JOHN H. ELLIS
(TYPE OR PRINT NAME)                    ► *John H. Ellis* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex.  If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2.  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action.  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                                **CIVIL CASE COVER SHEET**                                Page 2 of 2



23518481
SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., ET AL

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN H. ELLIS



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
ALAMEDA COUNTY

JUL 0 6 2021

CLERK OF THE SUPERIOR COURT
By _____ Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | SUPERIOR COURT OF CALIFORNIA | CASE NUMBER: *(Número del Caso)*: RG21103854 |
|---|---|---|

*(El nombre y dirección de la corte es):*

County of Alameda - Civil Division
1225 Fallon Street, Room #109 - Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JOHN H. ELLIS - 2269 - 106th Avenue - Oakland, California 94603 - (510) 912-3581

| DATE: | JUL 0 6 2021 | Chad Finke | Clerk, by | | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):*

   WELLS FARGO BANK, N.A.

3. ☑ on behalf of *(specify):* MORTGAGE ELECTRONIC REGISTRATION

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

[SEAL: SUPERIOR COURT OF CALIFORNIA · EUREKA · COUNTY OF ALAMEDA]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**FW-003**     ## Order on Court Fee Waiver (Superior Court)

<table>
<tr><td>

① **Person who asked the court to waive court fees:**

Name: **John H. Ellis**

Street or mailing address: 2269 106th Avenue, Oakland, CA 94603

City: _____ State: _____ Zip: _____

② **Lawyer, if person in** ① **has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

</td><td>

*Clerk stamps date here when form is filled.*

</td></tr>
</table>

*Fill in court name and street address:*

Superior Court of California, County of Alameda  Rene C. Davidson Alameda County Courthouse  1225 Fallon Street  Oakland, CA  94612

③ A request to waive court fees was filed on *(date):* 07/06/2021

☐ The court made a previous fee waiver order in this case on *(date):*

*Read this form carefully. All checked* ☒ *boxes are court orders.*

*Fill in case number and name:*

Case Number: RG21103854

Case Name:  Ellis  v. Wells Fargo Bank, N.A.

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

④ After reviewing your: ☒ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
the court makes the **following** orders:

a. ☒ The court **grants** your request, as follows:

   1) ☒ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff 's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial. If the court is not electronically recording the proceeding and you request that the court provide an official reporter.
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

   (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

     ☐ Jury fees and expenses        ☐ Fees for a peace officer to testify in court
     ☐ Fees for court-appointed experts     ☐ Court-appointed interpreter fees for a witness
     ☐ Other *(specify):*

Judicial Council of California, *www.courts.ca.gov*
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**     FW-003, Page 1 of 3

Your name: John H. Ellis

**Case Number:**
RG21103854

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed:

☐ Below ☐ On Attachment 4b (1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below ☐ On Attachment 4b (2)

_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, (form FW-006). You have 10 **days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. (*Use form FW-006 to request hearing.*)

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:

☐ Below ☐ On Attachment 4c (1)

_____
_____
_____
_____

(2) ☐ Bring the following proof to support your request, if reasonably available, that are listed:
☐ Below ☐ On Attachment 4c (2)

_____
_____
_____
_____
_____

**This is a Court Order.**

Your name: John H. Ellis

**Case Number:**
RG21103854

Hearing Date → Date:

Time: _____
Room: _____

Dept : _____

Name and address of court if different from above:

**Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 07/06/2021

Signature of (check one):   [X]   Judicial Officer    [ ]   Clerk, Deputy

## Request for Accommodations

Assistive listening systems; computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons with Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

[ ] I handed a copy of this order to the party and attorney, if any, listed in ① and ② at the court, on the date below.

[ ] This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ② from *(city):* _____, California on the date below.

[ ] A certificate of mailing is attached.

Date: _____

Clerk, by _____, Deputy

Name: _____

**This is a Court Order.**

John H. Ellis
2269 106th Avenue
Oakland, CA   94603____

---

## Superior Court of California, County of Alameda

| Ellis | No. <u>RG21103854</u> |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Wells Fargo Bank, N.A. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **12/02/2021** Time: **03:00 PM** | Department: **15** Location: **Administration Building Third Floor 1221 Oak Street, Oakland  CA  94612** Internet: **www.alameda.courts.ca.gov** | Judge: **Evelio Grillo** Clerk: **Pamela Drummer-Williams** Clerk telephone: **(510) 267-6931** E-mail: **Dept15@alameda.courts.ca.gov** Fax: |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/08/2021.

By _____

Deputy Clerk

### *Superior Court of California, County of Alameda*



### *Notice of Assignment of Judge for All Purposes*

Case Number: RG21103854
Case Title:     Ellis VS Wells Fargo Bank, N.A.
Date of Filing: 07/06/2021


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Evelio Grillo** |
| **Department:** | **15** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6931** |
| **Fax Number:** | |
| **Email Address:** | **Dept15@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."


IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO<br>
JUDGE Evelio Grillo<br>
DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Contacts with Dept. 15 should be by email to Dept. 15@alameda.courts.ca.gov. You must provide copies of all email communications to each party (or their attorneys, if represented) at the same time you send the email to the Court and you must show that you have done so in your email. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. Inclusion of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is required.

Parties/attorneys must confer before scheduling a hearing date. Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org.

Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724).

**Schedule for Department 15**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Unless otherwise advised, both court and jury trials are Mondays through Thursdays at 10:00 am through 4:30 pm; expect to be in the courtroom from 9:00 am to 5:00 pm. Cases may "trail" a trial in progress.

- Case Management Conferences are held: Mon., Wed., Thurs. and Fri. at 9:15 am and Tues. at 3:00 pm. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing.

- Law and Motion matters are heard:  Law & Motion hearings will be held on Tuesdays and Thursdays at 1:30 p.m.  Email Dept. 15 for reservations. Include case name & number, title of motion and identity of moving party.  Courtesy copies shall be delivered to the department.

- Settlement Conferences are heard:  As scheduled by the Judge. Court resources are limited, and counsel should consider other ADR alternatives. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  The applicant must contact the clerk for a hearing date and provide CRC 3.1203(a) notice to all parties.  The applicant must appear, in person or by phone if allowed, unless it is a stipulation for an order or otherwise allowed under CRC 3.1207.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept.15@alameda.courts.ca.gov

  The parties should check the tentative rulings on the court's website and notify the courtroom clerk and all other parties of plans to contest by 4:00 pm the day before the hearing.

- Ex Parte Matters
  Email:          Dept15@alameda.courts.ca.gov

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 15

- Phone:  1-866-223-2244

Dated:  07/07/2021

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/08/2021

By _____
Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Reassignment of Judge for All Purposes*

Case Number: RG21103854
Case Title:     Ellis VS Wells Fargo Bank, N.A.
Date of Filing: 07/06/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby reassigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Patrick R. McKinney II** |
| **Department:** | **15** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6931** |
| **Fax Number:** | |
| **Email Address:** | **Dept15@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick R. McKinney II
DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Contacts with Dept. 15 should be by email to Dept. 15@alameda.courts.ca.gov. You must provide copies of all email communications to each party (or their attorneys, if represented) at the same time you send the email to the Court and you must show that you have done so in your email. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. Inclusion of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is required.

Parties/attorneys must confer before scheduling a hearing date. Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org.

Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724).

**Schedule for Department 15**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Unless otherwise advised, both court and jury trials are Mondays through Thursdays at 10:00 am through 4:30 pm; expect to be in the courtroom from 9:00 am to 5:00 pm. Cases may "trail" a trial in progress.

- Case Management Conferences are held: Mon., Wed., Thurs. and Fri. at 9:15 am and Tues. at 3:00 pm. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing.

- Law and Motion matters are heard:  Law & Motion hearings will be held on Tuesdays and Thursdays at 1:30 p.m.  Email Dept. 15 for reservations. Include case name & number, title of motion and identity of moving party.  Courtesy copies shall be delivered to the department.

- Settlement Conferences are heard:  As scheduled by the Judge. Court resources are limited, and counsel should consider other ADR alternatives. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  The applicant must contact the clerk for a hearing date and provide CRC 3.1203(a) notice to all parties.  The applicant must appear, in person or by phone if allowed, unless it is a stipulation for an order or otherwise allowed under CRC 3.1207.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  - Email:         Dept.15@alameda.courts.ca.gov

  The parties should check the tentative rulings on the court's website and notify the courtroom clerk and all other parties of plans to contest by 4:00 pm the day before the hearing.

- Ex Parte Matters
  - Email:         Dept15@alameda.courts.ca.gov


## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 15

- Phone:  1-866-223-2244

Dated:  08/23/2021

_____
Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/24/2021

By _____

Deputy Clerk

| SHORT TITLE:<br>Ellis VS Wells Fargo Bank, N.A. | CASE NUMBER:<br>RG21103854 |
|---|---|

ADDITIONAL ADDRESSEES

John H. Ellis
2269 106th Avenue
Oakland, CA   94603____



John H. Ellis
2269 106th Avenue
Oakland, CA   94603____

240757436

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
René C. Davidson Courthouse
Fallon Street
and, CA 94612

**Superior Court of California**

Ellis

                                    Plaintiff/Petitioner(s)

                        VS.

Wells Fargo Bank, N.A.

                                    Defendant/Respondent(s)
                        (Abbreviated Title)

**FILED**
**ALAMEDA COUNTY**

SEP -3 2021

CLERK OF THE SUPERIOR COURT
By:

TO ALL PARTIES AND TO THEIR ATTORNEYS OF
Notice is given that a Case Management Conference has

| Date: 12/02/2021 | Department: 15 |
| Time: 03:00 PM | Location: Administration Building |
| | Third Floor |
| | 1221 Oak Street, Oakland |
| | |
| | Internet: www.alameda.courts.ca |

**ORDER**

1. Plaintiff must:

   a. **Serve** all named defendants and file proofs of se
      of the filing of the complaint (Cal. Rules of Cou

   b. **Give notice** of this conference to all other partie

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the**

   a. **Meet and confer**, in person or by telephone as

   b. **File and serve** a completed *Case Management*
      Case Management Conference (Cal. Rules of C

   c. **Post jury fees** as required by Code of Civil Pr

4. If you do not follow the orders above, the court may iss
   sanctioned under Cal. Rules of Court, rule 2.30. Sancti
   or dismissal of the action.

5. You are further ordered to appear in person or through
   Conference noticed above. You must be thoroughly fam
   may be able to appear at Case Management Conference
   vendor, at least three business days before the schedule
   request to (888) 882-2946. The vendor charges for this

6. You may file *Case Management Conference Statement*
   Fax Number (510) 267-5732. No fee is charged for thi
   *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the
   conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute
   Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures
   regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

OAKLAND CA 945
9 JUL 2021 PM 7

Casl #
RG21103854

NIXIE            958    FE 1
RETURN TO SENDER
NOT DELIVERABLE
AS ADDRESSED
UNABLE TO FORWARD
BC:  94612421325        *1705-02761-09-48
                        0003/31/21

RETURN TO SENDER

SEP 0 3 REC'D

U.S. POSTAGE≫PITNEY BOWES
ZIP 94612  $ 000.51⁰
0000371203 JUL 09 2021

Form Approved for Mandatory Use        NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER        Page 1 of 2
Superior Court of California, County